STATE *vs.* INTOXICATING LIQUORS.

Somerset.    Opinion June 5, 1879.

*Liquors.   Possession.   Ownership.   Claim.*

It is not necessary that the claimant of liquors seized should set forth in his claim the person of whom, the place where, or the time when, such liquors were purchased.

The fact of ownership constitutes the foundation of his claim.

The right to possession rests in such ownership, with no intention to keep or sell the same in violation of law.

ON REPORT.

This action originated before a magistrate, under R. S., c. 27, § 37, by whom a decree was rendered against the claimant, Noah Chandler, who took an appeal according to law.   It is admitted that the following facts are true so far as the same are provable under the claim and no further, viz:

The claimant owns the liquors.   He bought them in the province of New Brunswick in the year A. D. 1878, in the original package, and he imported them into this state in the original package ; said liquors at the time of the seizure thereof were in said original package, which said original package, at the time of said seizure, had not been opened, but was unbroken and in the same condition as when imported as aforesaid.   He owns the liquors and the box and bottles containing the same, having never parted with his title thereto.   The claimant's business at the time of the importation and seizure was and now is that of an importer of intoxicating liquors.   At the time of said seizure he was, now is, and for five years last past has been, duly licensed by the U. S. Government to sell intoxicating liquors within this state in packages or quantities of five gallons or less.   At the time of the seizure thereof said liquors were deposited in the express office, where he, as an importer thereof, intended to sell them in the original package.

The claim filed before the magistrate is as follows :

· "State of Maine.   Somerset, ss.   At a court before A. P. Fuller, Esq., a trial justice in and for the county of Somerset,

holden at Fairfield, in said county, on the 2nd day of January, A. D. 1879. And now comes Noah Chandler of Houlton, in the county of Aroostook, whose business is that of importer of liquors, and specifically claims the right, title and possession in the items of property hereinafter named, as having a right to the possession thereof at the time when the same were seized. And the foundation of said claim is that they were at the time of seizure and still are his property, and were taken from his lawful possession on the ninth day of December, A. D. 1878, from the office of the Eastern Express Company in said Fairfield, by Lorenzo Dow, a deputy sheriff for the county of Somerset, and the claimant declares that they were not so kept and deposited for unlawful sale as is alleged in the libel of said Lorenzo Dow and in the monition issued thereon.

"The property claimed as aforesaid is as follows : One green box containing twelve quart bottles filled with gin, and the gin and bottles in said box, said box being marked ' James Mulholland, Fairfield, Somerset county, Maine ;' and that his business and place of residence are as above." (Signed) Noah Chandler.

"On the second day of January, A. D. 1879, the said Noah Chandler made oath that the statement in the above claim, by him signed, is true. Before me, A. P. Fuller, trial justice."

The law court to render such a decree as the law and the aforesaid facts provable under the claim shall warrant.

*L. L. Walton*, county attorney, for the state.

*S. S. Brown*, for the claimant.

Appleton, C. J. It is provided by R. S., c. 27, § 37, that "if any person shall appear and claim such liquors, or any part thereof, as having a right to the possession thereof at the time when the same were seized, he shall file with such magistrate such claim in writing, stating specifically the right so claimed, and the foundation thereof, the items so claimed, and the hour and place of seizure, and the name of the officer by whom the same were seized, and in it declare that they were not so kept and deposited for unlawful sale, as alleged in said libel and monition, and also state his business and place of residence, and shall sign and make

oath or affirmation to the truth of the same before said magistrate."

The claim as set forth is in strict accordance with the provisions of the above section. The foundation of the plaintiff's claim is his ownership of the property in controversy. The statute does not require a statement of the place where, the person of whom or the time when the purchase was made, by which the claimant acquired his title. The fact of ownership, with the further statement that the goods "were not so kept and deposited for unlawful sale as alleged in the libel of said Lorenzo Dow and in the monition issued thereon," is a specific statement of his right to the possession of the goods seized. The other facts required by the statute are fully set forth.

The facts admitted to be true are properly provable under the claim as filed, and establish the claimant's right to the possession of the liquors seized.

> *Judgment for claimant. The liquors claimed to be delivered the claimant within forty-eight hours after demand.*

WALTON, BARROWS, DANFORTH and LIBBEY, JJ., concurred.